## No. 582
## BADGLEY v. SHUE
Ohio Appeals, Second District, Montgomery County
No. 427. July 7, 1923
This opinion has not been published except in Abstract.

**EXECUTION—A right of property action against a constable decided adversely to the claimant is final and the claimant cannot recover in a subsequent action, for damages against the constable for selling the property.**

BY THE COURT.

### Epitomized Opinion
Application for rehearing. Action for personal judgment against a constable for selling chattel property under an execution. Plaintiff had previously brought a right of property action against the constable which resulted in a finding against plaintiff. In this case the lower court awarded personal judgment against the constable. Error was prosecuted to this court which reversed the lower court. Held:

By resorting to the right of property action plaintiff must be regarded as having elected that remedy and he cannot now be heard to complain of the constable who acted under the protection of that finding. Armstrong v. Harvey II OS. 527 distinguished. Rehearing denied.

Attorneys—Wm. A. Swaney, for Badgley; Wm. E. Watson and Walter Snyder, for Shue.

## No. 583
## ENDRESS v. INSURANCE CO.
Ohio Appeals, Second District, Montgomery County
No. 534. June 27, 1923
This opinion has not been published except in Abstract

**CONTRACT—One who knowingly enters into illegal life insurance contract cannot recover premiums paid thereunder.**

BY THE COURT.

### Epitomized Opinion
Action to recover premiums paid under a void insurance policy. Demurrer to petition which set forth that the insured, Martha Hetzler, was no party to the contract and never consented thereto; that plaintiff was no relative of, next of kin to, or creditor of said Martha Hetzler. Demurrer sustained. Error was prosecuted to this court. Held:

It clearly appears in the petition that plaintiff became a party to an insurance contract illegal upon its face and contrary to public policy. He must have known at the time he made the payments sought to be recovered that he had no insurable interest in the life of the insured. Hence he is chargeable with notice that such contract was against public policy. The demurrer was properly sustained. Judgment affirmed.

Attorneys—Harry M. Wolfe, for Endress; James & Coolidge, C. F. Williams and Clyde P. Johnson, for Insurance Co.

## No. 584
## GREENVILLE FERTILIZER CO. v. IRWIN
Ohio Appeals, Second District, Darke County
No. 172. June 28, 1923
This opinion has not been published except in Abstract.

**CONTEMPT—A proceeding in contempt will fail unless based on an order, judgment or command.**

KUNKLE, J.

### Epitomized Opinion
This is a proceeding in contempt based upon a journal entry which was in substance:

This case is to be dismissed at the costs of defendant, without record other than this entry on the journal of the court, upon defendant's entering into a bond, to the approval of the court, in the sum of $3,000.00 to the State of Ohio for the faithful performance by the defendant of all the rules and regulations promulgated by the Secretary of Agriculture of the State of Ohio governing and regulating the operation of reduction fertilizer manufacturing plants.

This bond was given and the case was dismissed. In this proceeeding the lower court found defendant, the Greenville Fertilizer Co., guilty of contempt. Error was prosecuted to this court. Held:

By 12137 GC. proceedings in contempt are to punish "disobedience of or resistance to a lawful writ, process, order, rule, judgment or command of a court or officer." In the journal entry above quoted there is no order, judgment or command upon which a proceeding in contempt could be based. Judgment of Common Pleas reversed and proceedings in contempt dismissed.

Attorneys—John Dineen and O. R. Krickenberger, for Greenville Fertilizer Co.; Mannix Crawford and Billingsley, for Irwin.

## No. 585
## HARRY A. CLARK et al, Commis., v. STATE ex rel
Ohio Appeals, Second District, Franklin County
No. 1062 and 1063. Decided June 29, 1923
This opinion has not been published except in case

**CIVIL SERVICE—Right of certain officers, in Columbus, to appeal from order of removal.**

PER CURIAM.

### Epitomized Opinion
This case and another heard with it involve the rights of the superintendent and guard of the Columbus Workhouse to an appeal to the City Civil Service Commission, from an order of removal made by its director of public safety.

No evidence having been received, or at least preserved in a bill of exceptions, the case must necessarily rest upon the admitted facts contained in the pleadings, which contained the various charter provisions and ordinances relating to the status of the removed officers.

It is claimed by relators that their respective positions are comprehended within the division of police and that they are therefore e t  d to an appeal from the order of removal; on the other hand, it is claimed that the workhouse employes are in a separate division from the police The Court of Appeals in affirming the order held, that the Civil Service provisions should be reasonably if not liberally construed in favor of the removed employes, and decided that the superintendent and guard are entitled to an appeal from the order, to the Civil Service Commission.

Attorneys—Charles A. Leach, Sol., for plaintiffs in error; Horace S. Kerr and Samuel G. Osborn, for defendant.